UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>vs.<br><br>SHELDON THOMAS CAIN,<br><br>  Defendant. | NO. CR-08-030-JLQ<br><br>**SENTENCING MEMORANDUM OPINION** |

The Defendant was sentenced on December 10, 2008 in Spokane, Washington. At the sentencing hearing, the court heard oral argument regarding whether Mr. Cain's previous conviction on a charge of Second Degree Assault qualified as a crime of violence under the Sentencing Guidelines. Aine Ahmed appeared for the Government. Stephen Hormel appeared on behalf of the Defendant.

The issue of whether a conviction under Washington's Second Degree Assault Statute, RCWA 9A.36.021(1)(a), qualifies as a crime of violence under the Sentencing Guidelines. A conviction under this statute must be based upon a person "**[i]ntentionally** assaulting another and thereby recklessly inflicting substantial bodily harm." A crime of violence in the Sentencing Guidelines is one that "has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2(a).

To determine whether or not an offense qualifies as a crime of violence, a "categorical" approach is used. This method of analysis "requires the trial court to look only to the fact of conviction and the statutory definition of the prior offense." *Taylor v. United States*, 495 US 575, 602 (1990). The elements of the crime required to be proven by the statute are first compared to the generic crime in question. The specific facts of

ORDER - 1

the conviction are not considered under the categorical approach.

The Supreme Court recognized that statutory crimes could be facially over-inclusive, such as when a burglary statute includes entry into an automobile as well as a dwelling. In such narrow cases, a "modified categorical approach" allows the court to look beyond the statutory elements of the offense, to the specific facts of the conviction at hand. "This categorical approach, however, may permit the sentencing court to go beyond the mere fact of conviction in a narrow range of cases where a jury was actually required to find all the elements of [the generic crime]." *Taylor*, 495 U.S. at 602.

The specific facts of Mr. Cain's conviction based on his plea of guilty certainly constitute a crime of violence if analyzed under the modified categorical approach. Mr. Cain stipulated at his plea hearing on the assault charge that the court could review and rely on the police report. The police report clearly established that he stabbed a stranger with a screwdriver. However, Mr. Cain argues that Washington's Second Degree Assault statute is not facially over-inclusive, but rather that a specific element of a crime of violence need not be proven in order to find a person guilty. Cain argues that if a jury is not required to find all the elements of the generic crime in question in order to convict, the modified categorical approach may not be used. "To satisfy the modified categorical approach in the case of a jury conviction, the record of conviction must establish that the 'jury was actually required to find all the elements' of the generic crime." *Li v. Ashcroft*, 389 F.3d 892, 896 (9th Cir. 2004), quoting *Taylor*, 495 U.S. at 602. The Washington statute in question is not facially over-inclusive.

The specific element that Mr. Cain argues is missing from his underlying conviction is the use of "violent" physical force. The explicit language of 18 USC § 16(a) makes the intentional use of *any* physical force sufficient to find the existence of a crime of violence. However, it has been held "that conduct involving mere offensive touching does not rise to the level of a 'crime of violence' within the meaning of 18 USC § 16(a). *Ortega-Mendez v. Gonzales*, 450 F.3d 1010, 1017-18 (9th Cir. 2006). 18 USC § 16(a) provides a nearly identical definition for a crime of violence to that of U.S.S.G. §

ORDER - 2

4B1.2(a).  Under Washington law, an offensive touching is sufficient to convict a person of assault.  "An '[a]ssault is, among other things, an unlawful touching.' " *State v. Thomas*, 98 Wash.App. 422, 424 (Wash.App.Div.3 1999), quoting *State v. Walden*, 67 Wash.App. 891, 893 (Wash.App.Div.1 1992).  Mr. Cain argues that since a person may be properly convicted of Second Degree Assault in Washington for conduct such as offensive touching or spitting, with no finding by a jury of the use of violent physical force, a conviction thereunder cannot categorically be considered a crime of violence.

However, the 9th Circuit has considered the exact Washington statute under which Mr. Cain was convicted.  "Therefore, we hold that Washington's second-degree assault statute, RCWA § 9A.36.021(1)(a), is a categorical crime of violence."  *U.S. v. Hermoso-Garcia*, 413 F.3d 1085 (9th Cir. 2005).  Mr. Cain argues that this holding was expressly overruled by *Fernandez-Ruiz v. Gonzales*, 466 F.3d 1121 (9th Cir. 2006).  The court does not agree.

In *Fernandez-Ruiz*, the 9th Circuit held that statutory crimes that included **recklessness or negligence** as an appropriate *mens rea* for conviction could not be considered categorical crimes of violence.  "In light of *Leocal,* we expressly overrule our cases holding that crimes of violence under 18 USC § 16 may include offenses committed through the reckless, or grossly negligent, use of force."  *Fernandez-Ruiz*, 466 F.3d at 1132.  The Supreme Court decision cited in *Fernandez-Ruiz*, *Leocal,* held that the requirement that force be used "against" a person meant that crimes of violence mandate "a higher degree of intent than negligent or merely accidental conduct."  *Leocal v. Ashcroft*, 543 U.S. 1, 9 (2004).

The crux of Mr. Cain's argument is the second clause of the Washington statute; "thereby *recklessly* inflicts substantial bodily harm (emphasis added)."  However, this use of the *mens rea* of recklessness is in the context of the result, not the *mens rea* of the intentional action itself which is required under the statute.  "The bedrock principle of *Leocal* is that to constitute a federal crime of violence an offense must involve the intentional use of force against the person or property of another."  *Fernandez-Ruiz*, 466

ORDER - 3

F.3d at 1131. An intentional assault is clearly and unequivocally required to be proven before a person may be convicted of Second Degree Assault under RCWA § 9A.36.021(1)(a). There is no statutory provision therein under which a person may be convicted for the reckless or negligent use of force; reckless or negligent is only applicable in terms of the result. Accordingly, *Fernandez-Ruiz* does not overrule the holding of *Hermoso-Garcia*.

A later, post-*Ruiz* 9th Circuit case considered § (1)(f) of the Washington Second Degree Assault statute, and in so doing affirmed the judgment of *Hermoso-Garcia*. "We have previously held that a conviction under subsection (1)(a) of Washington's second-degree assault statute, which makes it illegal; to '[i]ntentionally assault[ ] another and thereby recklessly inflict[ ] substantial bodily harm,' constitutes a crime of violence." *United States v. Carson*, 486 F.3d 618, 619 n. 2 (9th Cir. 2007).

Furthermore, the *Carson* court stipulated that the most ordinary cases in which a statute will produce a conviction should be examined; the most extraordinary cases are merely theoretical outliers. "[W]e must not conjure up some scenario, however improbable, whereby a defendant might be convicted under the statute in question even though he did not commit an act encompassed by the federal provision...In other words, 'the proper inquiry is whether the conduct encompassed by the elements of the offense, in the ordinary case,' would satisfy the requirements of 4B1.1(a)." *Carson,* 486 F.3d at 620, quoting *James v. United States*, 550 U.S. 192 (2007). Mr. Cain's arguments regarding spitting or offensive touching are exactly the type of conjured scenario contemplated by the court in *Carson* and are not indicative of the ordinary case in which someone is convicted of Second Degree Assault in Washington. An ordinary case of conviction under RCWA § 9A.36.021(1)(a) involves the intentional use of physical force, and is therefore a crime of violence. Cain's police reports belie this theoretical argument.

For these reasons, the court finds that Mr. Cain's previous conviction for Second Degree Assault under RCWA § 9A.36.021(1)(a) constitutes a categorical crime of violence as contemplated by U.S.S.G. § 4B1.2(a).

ORDER - 4

1    Mr. Cain has also challenged the use of his Washington first degree burglary
2 conviction arguing that the statute is over inclusive since unauthorized entry into a fenced
3 yard could be the basis for a conviction under the statute and such an entry would not
4 constitute a generic burglary under *Taylor v. United States*, 495 U.S. 575 (1990).
5 However, once again, at his plea of guilty on this burglary charge, Mr. Cain stipulated
6 that the court could review the probable cause affidavit to establish the elements of the
7 offense. That affidavit clearly established the elements of a generic burglary, the
8 unlawful entry into a residence to commit a crime therein. *Shepard v. United States*, 125
9 S.Ct. 1254 (2005); *United States v. Wenner*, 351 D. 3d 969, 972 (9th Cir.
10 2003)(analyzing Washington second degree burglary statute); *United States v. Almazan-*
11 *Becerra*, 537 F. 3d 1094 (9th Cir. 2008).
12    The court therefore found it proper to include the offense enhancement for a career
13 offender based upon the First Degree Burglary and Second Degree Assault convictions.
14    The Clerk is hereby directed to enter this Memorandum and furnish copies to the
15 parties.
16    **DATED** this 22nd day of December, 2008.

                          s/ Justin L. Quackenbush
                    JUSTIN L. QUACKENBUSH
             SENIOR UNITED STATES DISTRICT JUDGE