UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SHELDON THOMAS CAIN, | ) |
|     Petitioner, | )   NO.  08-CR-030-JLQ |
| | )            10-CV-0393-JLQ |
|   vs. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
|     Respondent. | )   **ORDER DENYING PETITION TO** |
| | )   **VACATE, SET ASIDE, OR CORRECT** |
| | )   **SENTENCE** |

BEFORE THE COURT is Petitioner Sheldon Thomas Cain's Petition to Set Aside, Vacate or Correct Sentence pursuant to 28 U.S.C. § 2255, Motion for Leave to Proceed *In Forma Pauperis*, and Motion for Appointment of Counsel (ECF Nos. 88-90). For the reasons set forth herein, the Petition is DENIED.

## I. Background

On May 22, 2008, Sheldon Thomas Cain ("Cain") pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). After extended sentencing proceedings culminating in a hearing on December 10, 2008, the court found Cain had two prior convictions for crimes of violence resulting in his being found to be a career offender with a Sentencing Guideline Range of 70-87 months. The court issued a Sentencing

ORDER - 1

Memorandum and its Judgment on December 22, 2008, sentencing Cain to 46 months imprisonment. Cain appealed to the Ninth Circuit and specifically challenged the court's determination that his conviction for Second Degree Assault qualified as a crime of violence. The Ninth Circuit rejected this challenge, stating: "[T]he district court properly categorized Cain's prior conviction for second-degree assault in violation of [RCW § 9A.36.021(1)(a)] as a crime of violence as set forth in the Sentencing Guidelines." (ECF No. 84 p. 3). The Ninth Circuit found that a conviction under the statute was "categorically a crime of violence." (ECF No. 84 p. 4).

## II. Discussion

Cain again challenges the determination that his prior conviction for second-degree assault was a crime of violence. This time Cain relies on the March 2, 2010 opinion of the United States Supreme Court in *Johnson v. United States*, 130 S.Ct. 1265 (2010).

Title 28 U.S.C. § 2255(a) provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

Subsection (f) provides a one-year period of limitation for bringing such actions. Cain's Petition is timely. Cain does not argue that his sentence violates the Constitution, or is in excess of the maximum authorized by law, but rather argues that the sentence was improperly calculated under the Sentencing Guidelines. An allegation that the court failed to calculate or improperly calculated the Guidelines range is an allegation of procedural error. *Gall v. United States*, 552 U.S. 38, 51 (2007). Cain does not challenge the substantive reasonableness of his sentence. The sentence imposed of 46 months was well below the Guideline range of 70 to 87 months, and Cain could make no colorable argument that the sentence was substantively unreasonable.

ORDER - 2

Whether a conviction constitutes a crime of violence under the Guidelines is a question of law that is reviewed de novo. *United States v. Hermoso-Garcia*, 413 F.3d 1085, 1089 (9th Cir. 2005).  Unfortunately for Cain, it is a question of law that has already been decided adversely to him by both this court and the Ninth Circuit.  Yet, Cain maintains that it is a question of law that should again be revisited based on a recent Supreme Court decision.

In the portion of his Petition entitled "Summary of Reason for Relief" (ECF No. 88, p. 2) Cain relies exclusively on *Johnson v. United States*, 130 S.Ct. 1265 (2010).  The Petition does not clearly describe why this decision is controlling, based merely on the fact that the Florida battery statute at issue in *Johnson* was **allegedly** "similar" to the Washington second degree assault statute.  In *Johnson* the issue before the Court was "whether the Florida felony offense of battery by "actually and intentionally touching" another person, Fla. Stat. § 784.03(1)(a), (2) (2003), "has as an element the use ... of physical force against the person of another," 18 U.S.C. § 924(e)(2)(B)(I), and thus constitutes a "violent felony" under the Armed Career Criminal Act, § 924(e)(1)." 130 S.Ct. 1268.  This is not the same issue as decided by the Ninth Circuit in this case.  The Ninth Circuit determined that a conviction under a wholly different statute, Washington's second-degree assault statute, RCW § 9A.36.021(1)(a), was a "crime of violence" under USSG § 4B1.2(a)(1).

The *Johnson* case is not controlling and does not affect the Ninth Circuit's determination.  Florida's battery statute and Washington's second-degree assault statute are distinct.  Under the Florida statute, 784.03(1)(a), a battery occurs when a person either "1. Actually and intentionally touches or strikes another person against the will of the other, or 2. Intentionally causes bodily harm to another person." *Johnson*, 130 S.Ct. 1269.  Thus the Supreme Court noted that because the statute is written in the disjunctive, a battery can be proven by showing the defendant "merely actually and intentionally touched the victim." *Id.* The Florida Supreme Court had previously held that the "actually and intentionally touching" element of the statute was "satisfied by *any* intentional physical contact, no matter how

slight." *Id.* at 1269-1270 (emphasis in original).  The Supreme Court found that a conviction under the Florida statute was not categorically a "crime of violence" and there was nothing in the record (such as charging documents, plea agreements, transcripts of plea colloquies, etc.) to allow the Court to employ a modified categorical approach.  By contrast, Cain stipulated at his plea hearing on the state second-degree assault charge that the court could review and rely on the police report.  The police report established that Cain stabbed the victim with a screwdriver.  This court previously concluded that Cain's conviction for second-degree assault would "certainly constitute a crime of violence if analyzed under the modified categorical approach." (ECF No. 64, p. 2).

In contrast to the Florida battery statute, the Washington second-degree assault statue, 9A.36.021(1)(a) provides:

> "[A] person is guilty of assault in the second degree if he or she, under circumstances not amounting to assault in the first degree:
> (a) Intentionally assaults another and thereby recklessly inflicts substantial bodily harm."

Therefore, unlike Florida's battery statute under which one may be convicted for any intentional touching no matter how slight, the Washington statute requires the infliction of "substantial bodily harm."  As the Ninth Circuit has already observed, in an ordinary case, only an assault accompanied by force will lead to the reckless infliction of bodily harm. (ECF No. 84, p. 3).

The Ninth Circuit has already determined that this court's conclusion that Cain's conviction for assault in the second degree was a crime of violence was correct, and affirmed Cain's sentence.  The Ninth Circuit has repeatedly found that convictions under Washington's second-degree assault statute were crimes of violence. See *United States v. Hermoso-Garcia*, 413 F.3d 1085, 1089 (9th Cir. 2005) ("we hold that Washington's second-degree assault statute, RCW § 9A.36.021(1)(a), is a categorical crime of violence.); *United States v. Carson*, 486 F.3d 618, 620 (9th Cir. 2007) ("we have little difficulty concluding that a conviction under

subsection (1)(f) of Washington's second-degree assault statute presents a serious potential risk of physical injury to another and is therefore a crime of violence for the purpose of the career offender enhancement provision."); *United States v. Jennen*, 596 F.3d 594 (9th Cir. 2010) (holding that a conviction of second-degree assault under RCW 9A.36.021(1)(c)is categorically a crime of violence).

In *Jennen*, defendant argued that the crime could be committed by mere unlawful touching with a deadly weapon and that such touching did not require the physical force of a crime of violence. 596 F.3d at 601. Jennen also argued that one can put another in apprehension of harm without threatening the use of physical force because one can inflict harm without using physical force. *Id.* at 601-602. The Ninth Circuit rejected both of these arguments.

This court finds nothing in *Johnson v. United States*, 130 S.Ct. 1265 (2010), which would cause it to revisit its earlier determination. Further, this court does not believe that *Johnson* would cause the Ninth Circuit to alter its determination that Cain's conviction for second-degree assault under RCW § 9A.36.021(1)(a) constituted a crime of violence. While the matter *sub judice* was under consideration by this court, the Ninth Circuit issued another opinion further buttressing this court's conclusion: *United States of America v. Lawrence,* 09-30285 (9th Cir. December 10, 2010). The issue in *Lawrence* was whether a conviction under the exact same statute at issue here, Washington's second-degree assault under RCW § 9A.36.021(1)(a), constituted a violent felony under the Armed Career Criminal Act ("ACCA"). The Ninth Circuit found the conviction categorically qualified as a violent felony under the ACCA. (Slip Op. at 19941). The Ninth Circuit noted that it was "not the first time" it had been called upon to consider whether RCW § 9A.36.021(1)(a) constituted a "crime of violence" or "violent felony." *Id.* at 19942. The Circuit observed that Washington's second-degree assault statute requires "an intentional assault that results in substantial bodily harm." *Id.* at 19945. The Ninth Circuit stated that its research had revealed no case where a

1    defendant was convicted under RCW § 9A.36.021(1)(a) for non-violent conduct. *Id.* at 19947.

2    The Circuit summarized: "We conclude, therefore, that there is no realistic probability that

3    a person could be convicted of violating Section 9A.36.021(1)(a) without having committed

4    a violent act." *Id.* at 19947.

5         Equally important in disposing of Cain's current claim as the Ninth Circuit's

6    substantive analysis in *Lawrence*, is the fact that the Circuit cited to *Johnson v. United States*,

7    130 S.Ct. 1265 (2010) several times.  Thus the Circuit was well aware of *Johnson*, yet

8    reached the conclusion that a conviction under 9A.36.021(1)(a) was a violent felony.

9    Therefore Cain's argument that *Johnson* has altered the legal landscape and made this court's

10   prior conclusions erroneous, has already been at least implicitly rejected by the Ninth Circuit.

11   The Ninth Circuit has repeatedly passed on the issue Cain now raises, concerning whether a

12   conviction under RCW § 9A.36.021(1)(a) constitutes a crime of violence, and has

13   consistently reached the same conclusion--that it does. *Johnson* does not change this analysis.

14   This court determines that the Motion and files and records of this case conclusively show

15   that Cain is entitled to no relief. 28 U.S.C. § 2255(b).  Accordingly,

16        **IT IS HEREBY ORDERED:**

17        1. Cain's Petition to Set Aside, Vacate or Correct Sentence (ECF No. 88) is **DENIED**.

18        2.    Cain's Motion to Appoint Counsel (ECF No. 90) is **granted in part**.  Attorney

19   Stephen Hormel shall be appointed under the Criminal Justice Act to represent Mr. Cain, *nunc*

20   *pro tunc* to the date of filing the Petition (ECF No. 88), for the sole purpose of compensating

21   Mr. Hormel for his work in preparing the Petition to Set Aside. 18 USC §3006A(b) ("Such

22   appointment may be retroactive to include any representation furnished pursuant to the plan

23   prior to appointment.").  However, Mr. Hormel's appointment shall terminate as of the date

24   of this Order.

25

26

ORDER - 6

1    3.  Cain was previously found to be financially unable to retain counsel (ECF No. 7),

2    he submitted a financial affidavit (ECF No. 10), and Cain is currently incarcerated.

3    Accordingly, Cain's Motion to Proceed *In Forma Pauperis* (ECF No.89) is **GRANTED**.

4    **IT IS SO ORDERED**.   The Clerk of this court shall enter this Order, forward copies

5    to counsel, and close both of the above-numbered files.

6    **DATED** this 14th day of December 2010.

7                                  s/ Justin L. Quackenbush
                                JUSTIN L. QUACKENBUSH
8                      SENIOR UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER - 7